**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2023[*]
Decided November 22, 2023

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 23-1609

| | |
|---|---|
| SOVEREIGNTY JOESEPH HELMUELLER SOVEREIGN FREEMAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 21-cv-665-jdp |
| KRIS ANDERSON, et al., *Defendants-Appellees*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Dismissal of a lawsuit, although a severe sanction, is sometimes warranted. The district court properly dismissed this suit filed by Sovereignty Joeseph Helmueller Sovereign Freeman as a sanction for sending death threats to the court. We thus affirm.

---

[*] We have agreed to decide this appeal without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In this case, Helmueller sued officers and medical providers under 42 U.S.C. § 1983. He alleges that, while he was a pre-trial detainee at St. Croix County Jail in Wisconsin, officers attacked him, broke his shoulder, and ignored his requests for medical treatment. Helmueller was later transported to a medical center where, he continues, staff ignored his request to treat his shoulder injury; instead they restrained and medicated him without his consent.

The lawsuit did not last long. After an assistant attorney general filed a notice of appearance on behalf of the officers, Helmueller objected to the attorney's involvement in the case. In doing so, he threatened the judge and the President in writing:

> Plaintiff demands the court show cause for Defendants representation by the WI Atty General and or the WI Dept of Justice. The Defendants have no right to be represented by the WI Attorney General or the WI Dept of Justice in this matter. Cut your backwards ass bullshit or you will start losing family members and the President of the United States will wind up dead! Stop playing games I demand justice not tyranny. Sec 1983 says "shall be liable" stop protecting those who violated the law and my rights.

The officers then moved to dismiss the case as a sanction for Helmueller's threats. Helmueller responded that he did not intend to threaten any public official. The court disagreed, finding that Helmueller's statements were threatening and impermissible. It also ruled that dismissal was the appropriate sanction to punish Helmueller's behavior and to deter similar misconduct in his other pending lawsuits.

A district court has "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). In appropriate circumstances, this authority empowers the district court to dismiss a case with prejudice. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). We have thus affirmed dismissals as a sanction for threatening violence or other insubordination that disables the judiciary from functioning. *See Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779–81 (7th Cir. 1991) (affirming dismissal where plaintiff's counsel threatened violence against opposing counsel); s*ee also Donelson v. Hardy*, 931 F.3d 565, 569–70 (7th Cir. 2019) (affirming dismissal based on plaintiff's willful disobedience of discovery rules); *Secrease*, 800 F.3d at 402 (affirming dismissal based on plaintiff's falsification of

evidence). In reviewing sanctions, we assess a court's factual findings for clear error and its choice of sanction for abuse of discretion. *Secrease*, 800 F.3d at 401.

On appeal, Helmueller first argues that the district court wrongly found that he threatened anyone. But that finding—based on Helmueller's own written statement—was not clearly erroneous. Indeed, it is hard to see his statement, "Cut your backwards ass bull shit or you will start losing family members and the President of the United States will wind up dead," as anything other than a threat of murder.

Next, Helmueller maintains that the district court abused its discretion by choosing dismissal rather than some lesser sanction. But a lesser sanction was neither needed nor feasible. As the district court explained, Helmueller did not need a warning to know not to threaten murder or that doing so could impede the judiciary. Additionally, Helmueller would be undeterred by a financial penalty: He began the suit asking for (and receiving) leave to sue in forma pauperis because, he assured the court, he is impoverished; thus he is impervious to fines. Dismissal was therefore a proper sanction. *See Secrease*, 800 F.3d at 402.

Finally, Helmueller argues that the district court abused its discretion because the First Amendment protected his statements. But the First Amendment does not shield from criminal sanctions threats of murder. *See Watts v. United States*, 394 U.S. 705, 707 (1969). And even speech that may not be criminalized is subject to the lesser opprobrium of a judicial sanction when it occurs during and threatens to derail litigation, as here. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 537 (2002).

We end with an application of the Prison Litigation Reform Act. Under that Act, Helmueller is barred from proceeding in forma pauperis if he has on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or failing to state claim upon which relief may be granted (unless, as is not asserted here, he is in imminent danger of serious physical injury). 28 U.S.C. § 1915(g). A district court ruled on July 27, 2023, that Helmueller (who also uses the name Freeman) has three or more such "strikes" under the Act. *See Freeman v. Kastens*, No. 23-CV-493-JDP, 2023 WL 4824772, at *1 (W.D. Wis. July 27, 2023). Consequently, Helmueller is barred from proceeding in forma pauperis no matter how he chooses to present his name.

This brings us to the issue of sanctions. Not counting his dismissal in this case, Helmueller incurred at least two of his strikes before seeking leave from the district

court, on May 1, 2023, to appeal this case in forma pauperis. *See, e.g., Helmueller v. Officers, Judges, and/or Responsible Officials*, 22-cv-41-bbc (W.D. Wis. July 1, 2022); *Helmueller v. Hallett*, 22-cv-463-jdp (W.D. Wis. Oct. 25, 2022). But it appears that, when seeking leave to appeal in forma pauperis, Helmueller kept the district court in the dark about these strikes and evident disqualification for pauper status. We therefore ORDER Helmueller to show cause within 14 days why we should not sanction him for failing to disclose to the district court his previously incurred strikes. Failure to pay any monetary fine that we may impose as a sanction will subject Helmueller to an order barring him from filing papers in this circuit as set forth in *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED